*In the matter of the application of* LOUIS MAAS, *as Guardian of* CONRAD MAAS, *for a writ of Habeas Corpus.*

(Filed June 30, 1900.)

1. HABEAS CORPUS—*Will Not Lie When.*  When a defendant is brought into court for judgment and sentence and files his motion in arrest of judgment, and files in  upport thereof an order of the county board of insanity adjudging him to be insane, and affidavits tending to prove that he is insane, and the court overrules such motion and sentences the defendant, he is not entitled to be discharged on a writ of *habeas corpus* under the provisions of art. 19 of ch. 66 of the Statutes of Oklahoma (1893), which in effect provides that one cannot be tried, adjudged to punishment, or punished for a public offense while he is insane, and that when an indictment is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arises as to the sanity of the defendant, the court must empanel a jury to inquire into that fact. The only remedy if a new trial is denied, is by appeal to this court.

2. ORDER OF COUNTY BOARD OF INSANITY—*Effect of.*  An order of a board of insanity adjudging one to be insane, has no bearing upon his legal mental status; the effect of such an order is to admit one to the territorial asylum for treatment, and it is not entitled to the faith and credit of a judgment of a court, as the members of such board do not act as judicial officers, but as a special board clothed with special power only.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

*R. B. Forrest,* for relator.

*A. H. Campbell, County Attorney,* and *Seymour Foose,* for respondent.

Opinion of the court by

BURWELL, J.: Conrad Maas was indicted, tried and convicted for the crime of murder in the district court of Blaine county. The defendant then filed his motion for a new trial, which was overruled. He then filed his motion in arrest of judgment, and in support thereof introduced in evidence, over the objection of the attorneys for the Territory, certain affidavits and the records of the probate court, for the purpose of showing that the county board of insanity had adjudged Maas to be insane, and to establish by such records and affidavits that Maas was insane at that time; it being the contention of the attorneys for defendant that if he was insane the court could not lawfully pronounce judgment and sentence upon him. The court overruled the motion in arrest of judgment, and sentenced the defendant to serve a term in the territorial penitentiary at hard labor during his natural life. Louis Maas, as guardian of Conrad Maas, then commenced this action in this court. The writ was issued by the chief justice in vacation, and made returnable in open court. The respondent for his return set up the indictment, trial and conviction of Maas, and also set up the order of judgment and sentence under which the defendant was held. Affidavits on behalf of each party were filed in support of their respective positions, together with certain stipulations.

Under this state of facts the first question and possibly the only one, for us to decide is: Can this court in an action for a writ of *habeas corpus* inquire into the correctness of the orders of the district court in overruling the motion in arrest of judgment, and in sentencing the defendant?

The attorneys for the plaintiff cite us to art. 19, ch. 68 of procedure criminal of the Statutes of Oklahoma 1893, which, so far as is necessary to refer to, is as follows:

Section 5372. "An act done by a person in a state of insanity cannot be punished as a public offense, nor can a person be tried, adjudged to punishment, or punished for a public offense, while he is insane."

Section 5373. "When an indictment is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impanelled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the facts."

Section 5374. "The trial of the indictment or the pronouncing the judgment, as the case may be, must be suspended until the question of insanity is determined by the verdict of the jury.

Section 5377. "If the jury finds the defendant sane, the trial of the indictment must proceed, or judgment may be pronounced, as the case may be.

Section 5378. "If the jury find the defendant is insane, the trial or judgment must be suspended until he becomes sane, and the court, if it deem his discharge dangerous to the public peace or safety, may order that he be, in the meantime, committed to the care of the sheriff until he becomes sane.

Section 5380. "When he becomes sane the sheriff must thereupon, without delay, place him in the proper custody until he be brought to trial or judgment, as the case may be, or be legally discharged."

There can be no question but what this statute expressly prohibits a court from sentencing a defendant if at the time there exists in the mind of the court any doubt of his sanity, and it is immaterial whether that doubt is produced by affidavits, by judgments of other courts, by the evidence produced upon the trial, or by the conduct and appearance of the defendant. If the court entertains an honest doubt as to the sanity of a defendant when his case is called for trial, or when he is brought before the bar of the court for judgment, it must defer the trial or sentence until after the question of the defendant's sanity has been passed upon by a jury as provided in sec. 5373, and the court must conform its future actions in the case to the verdict of the jury. But, who is to determine as to whether such doubt exists in the mind of the court? In reason only one answer can be given. The court alone must say if such doubt exists. The trial judge sees the defendant, and is necessarily more or less familiar with the circumstances surrounding him and his case, and the fact that the county board of insanity may have adjudged him insane prior to the time fixed for his sentence, even if the order of such adjudication was admitted in evidence or considered by the trial court, would not necessarily control its action, because such order is not an adjudication of finding of any court, and is not admissible upon a trial to prove the insanity of such person. Such an order amounts to no more than the expression of an opinion by any other person or persons out of court as to the mental condition

of a defendant's mind, except where the right of the officers of the asylum to confine and treat such person is called in question, or in other cases of a kindred character which fall within the spirit of the law authorizing such finding by the board of insanity. (See *Dewey v. Allgire,* 37 Neb. 6, 40 Am. St. Rep., 468; *Knox v. Haug,* 43 Minn. 58, 50 N. W. 934; *Leggate v. Clark,* 111 Mass. 308.)

The boards of insanity are special boards created by law for a special purpose. It was only intended to clothe them with the power to determine who should be confined in the territorial asylum for treatment, and they have not the power to fix one's legal status; that is to declare one to be in law sane or insane, and the fact that probate judges are made members of these respective boards changes not the rule. When a probate judge acts in this capacity, he acts as any other member of the board, and not as a probate judge or as a probate court.

Under the laws of this territory, the power to adjudge one legally insane is vested in the judge of the probate court by sections 1517, 1518, and other sections of art. 14 of ch. 18 of the Statutes of Oklahoma 1893, and under these sections a guardian can only be appointed when it is made to appear to the judge of the probate court after a full hearing that such person is incapable of taking care of himself and managing his property; and this hearing can only be had after due notice as provided by the statutes, and the person sought to have adjudged insane, if able to attend, must be produced at the hearing. It is this kind of an order adjudging one to be insane that the authorities refer to as being entitled to faith and credit, and not to the orders of ordinary boards of insanity. Therefore the order of the board of insanity

adjudging Maas to be insane, which was introduced in evidence in support of the motion in arrest of judgment, was not controlling upon the trial court, and if the trial court committed error in pronouncing judgment and sentence upon the defendant, his only remedy is by an appeal to this court. Such matters cannot be reviewed in this action. The case of *In re Patswald*, 5 Okla. 789, and other cases cited by the petitioner, are not similar to the case at bar, and therefore have little if any bearing upon this issue.

For the reasons herein stated, the writ will be denied, and the cause be dismissed at the cost of the petitioner, and Conrad Maas will be remanded to the custody of the respondent. It is so ordered.

All of the Justices concurring.