## SON WILLIAMS v. STATE.

No. A-8740.   Nov. 9, 1934.
(37 Pac. [2d] 658.)

S. H. Singleton, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of the offense of burglary in the second degree—a second and subsequent offense—and his punishment fixed

by the jury at imprisonment in the state penitentiary for a period of 10 years.

The information, in addition to charging burglary in the second degree, alleged that the offense was a second and subsequent one, and that therefore the defendant was subject to an enhanced punishment for the offense.

Counsel for defendant demurred to the information in the trial court and claims in this court that section 2299, C. O. S. 1921, providing for an increased punishment for a second and subsequent conviction, is unconstitutional and in violation of section 9, art. 2, which provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

In support of the argument advanced, counsel relies upon the decision of this court in the case of State v. Johnsey, 46 Okla. Cr. 233, 287 Pac. 729. The statute construed in the Johnsey Case is entirely different from the statute in this case, in that in the Johnsey Case the punishment provided for a violation of that statute is not uniform to all classes of offenders, but was based upon the number of years defendant was serving in the penitentiary, and had no reference to the gravity of the offense committed by him in escaping from the penitentiary. Not so in the case at bar. The punishment here prescribed by the statute is for the offense committed, taking into consideration the fact that the person committing it has already been convicted of a felony. This statute does not attempt to inflict any additional punishment for the first offense. The punishment is exclusively for the second offense. The second offense is complete within itself, without reference to any acts which occurred before the enactment of the statute. The first conviction is a fact which must be taken into consideration by the court or jury in

fixing the punishment for the second offense. The Legislature under this act classified criminals into first and second, or other offenders. This classification was within the power of the Legislature.

This court has passed upon similar statutes increasing the punishment for a second and subsequent conviction of the violation of the provisions of the prohibitory liquor law, and has held this section constitutional. Jones v. State, 9 Okla. Cr. 646, 133 Pac. 249, 48 L. R. A. (N. S.) 204; Tucker v. State, 14 Okla. Cr. 54, 167 Pac. 637; Hildebrandt v. State, 19 Okla. Cr. 30, 197 Pac. 852.

16 Corpus Juris, p. 1339, cites numerous cases holding statutes similar to the one under consideration to be constitutional as not providing unusual or cruel punishment, as not being ex post facto laws, as not providing a penalty disproportionate to the nature of the offense, as not denying due process of law, and as not delegating legislative power to the prosecutor.

It is next contended the trial court erred in permitting certain jurors who had sat in the trial of the codefendant on a similar charge in another case, and which jury had returned a verdict of guilty against such codefendant immediately prior to the beginning of this trial, to sit as jurors in this case over the objection and exception of the defendant. The record on this assignment is as follows:

"Comes now the defendant, Son Williams, and respectively asks the court to excuse all jurors who have been sitting in the courtroom and who have heard the testimony in the case of the State of Oklahoma v. Hubert Cline, a codefendant of this defendant, who has just been tried on a similar offense, and especially those jurors who have sat as jurors in a case for an identical offense. Mr. Sullivan: I wish the record to show Hubert Cline was charged with grand larceny by himself and no one else

and it is not an identical case. By the Court: Overruled. By Mr. Singleton: Exceptions. By the Court: Overruled at this time for the reason the court can't, at this time, determine whether and what jurors are disqualified, but counsel will have an opportunity on voir dire examination to determine whether the other case will make them disqualified in this case, and, if so, at that time the matter will be passed upon."

It thus appears that the trial court left the question of the alleged disqualification of such members of the jury panel to be determined on voir dire examination, which was the only way it could properly be determined, as subdivision 5 of section 2998, Oklahoma Statutes 1931, makes it ground for implied bias as to a juror for "having served on a trial jury which has tried another person for the offense charged in the indictment or information."

In the case of Johnson v. State, 1 Okla. Cr. 321, 97 Pac. 1059, 18 Ann. Cas. 300, this court held that such provision applied only to disqualify jurors who had sat in the trial of the identical charge against a codefendant, and that it did not mean that if the codefendant had been charged with some other murder and this defendant charged with this murder that the trial of the codefendant would disqualify the juror; so that, in order to bring the jurors within the terms of that statute as a ground of disqualification, it must be shown that they sat upon the trial of the codefendant for the identical crime charged against the defendant then on trial. There is no such showing in this record. In fact, the record discloses that Cline was charged with grand larceny, while this defendant was charged with burglary in the second degree. In the voir dire examination of the jurors on the question here presented nothing is disclosed that in any way shows any bias or prejudice on the part of any juror against this defendant that would disqualify him to sit as a juror in

the trial of this defendant for this particular offense. The record does not disclose who sat as jurors in the case, nor is it made clearly to appear that any juror who sat in the trial of the codefendant on a similar charge sat in the trial of this case, nor does the record disclose whether defendant had exhausted all of his peremptory challenges and was compelled to accept any such alleged disqualified juror by reason of having exhausted his peremptory challenges. Before defendant could claim error because of such alleged disqualification, he must affirmatively show that he exhausted all of his peremptory challenges. Davis v. State, 53 Okla. Cr. 411, 12 Pac. (2d) 555.

It was incumbent upon defendant to show that he did not get a competent jury. This he has not done. The presumption is that the jury was competent, and the assignment therefore is without merit. Coatney v. State, 52 Okla. Cr. 70, 2 Pac. (2d) 604.

It is next contended the trial court erred in giving instruction No. 8. In his brief counsel says:

"While this is substantially a correct statement of the law, it is stated in such a way that the defendant did not really get the benefit of said instruction."

Counsel thus admits that the instruction complained of correctly states the law, but contends that because of the phraseology of such instruction the jury was unable to comprehend what the court meant by giving such instruction. Apparently the only theory upon which defendant contends that the instruction was erroneous is that the jury was too ignorant to understand plain English. On this theory it might with equal force be said that the jury would be too ignorant to understand the defendant's requested instruction, because it is not any more clear than instruction No. 8.

While the instruction complained of is not as clear as it might have been, yet it was sufficient to advise the jury that if they failed to find the defendant had committed the second offense that the limit of his punishment would be seven years, but that if they did find him guilty as charged and also found that he had been convicted for a previous offense, then they might assess his punishment for a term of not less than 10 years.

The jury apparently were not confused by this instruction, since the evidence is conclusive that defendant had been convicted of another offense, and since the jury did give him the added penalty.

A careful examination of the record discloses no fundamental error.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.