Ex parte RICHARD WILLIAMSON.

No. A-11128.    Oct. 27, 1948.
(198 P. 2d 1003.)

Richard Williamson, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   Petitioner, Richard Williamson, has filed in this court his petition for habeas corpus, seeking his release from the State Penitentiary at McAlester, where he is now confined by reason of a judgment and sentence rendered in the district court of Oklahoma county, upon a plea of guilty to the crime of grand larceny after a former conviction of a felony, and for which he was sentenced to a term of four years in the State Penitentiary.

At the time of the submission of this case upon the rule to show cause, no appearance was made by petitioner or counsel, and no proof was offered to sustain any of the allegations of the petition.

No attempt was made to appeal from the judgment and sentence rendered against petitioner.   The judgment and sentence was rendered on March 9, 1948, and the petition for writ of habeas corpus was filed on September 2, 1948.   It will be noted that the six months period granted by the statute for an appeal in a felony case had not expired at the time the petition for habeas corpus was filed in this case.

In the brief filed by petitioner in connection with the petition, it is claimed that Habitual Criminal Statute (Tit. 21 O. S. 1941 § 51,) is unconstitutional. This statute provides:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1 If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years.

"2. If such subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years.

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

This question has been passed upon contrary to the contention of the petitioner. Williams v. State, 56 Okla. Cr. 245, 37 P. 2d 658; Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389; Ex parte Hibbs, 86 Okla. Cr. 113, 190 P. 2d 156.

It is contended by petitioner that he was not given a preliminary examination. There is no proof in the record to support this contention; and, in the absence of such proof, it will be presumed that petitioner was given

every right to which he was entitled under the law. Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Henry v. State, 10 Okla. Cr. 369, 136 P. 982; Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868.

For the reasons above stated, the petition for writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.