## Ex parte LARENCE POTTS.

No. A-11173.    April 13, 1949.
(205 P. 2d 522.)

Larence Potts, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   Petitioner, Larence Potts, filed his petition for writ of habeas corpus in this court on November 19, 1948.   In said petition he alleged in substance that he was being unlawfully restrained by C. P. Burford, warden of the State Penitentiary, under and by virtue of a commitment from the district court of Garvin county, Okla., on April 17, 1944, wherein he was sentenced to life imprisonment on a charge of first degree murder. He alleges that he is being held without due process in violation of the statutes of the State of Oklahoma.

This contention is based upon the proposition that the district court of Garvin county was without jurisdiction or authority of law to accept a plea of guilty or allow petitioner to enter such plea without first determining the question of doubt as to the sanity of the petitioner or his mental capacity to waive his rights, even though represented by counsel appointed by the court. The petitioner relies upon the provisions of Title 22 O. S. A. 1941 §§ 1162, 1163, reading as follows to wit:

"§ 1162.   When an indictment or information is called for trial, or upon conviction the defendant is brought

up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impaneled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact.

"§ 1163. The trial of the cause or the pronouncing the judgment, as the case may be, must be suspended until the question of insanity is determined by the verdict of the jury."

The petitioner further alleges that the records will show that he was found to be insane at the time of trial, and at the time of the commission of the crime by doctors of the Central State Hospital where he was committed on the date of February 21, 1944.

It appears that the defendant with the aid and by the advice of counsel at every state of the proceeding entered a plea of guilty to the charge, and that no appeal was taken therefrom. Under these conditions the situation is similar to the facts involved in the case of Ex parte Gilbert, 71 Okla. Cr. 268, 111 P. 2d 205, 208, wherein the court after quoting the foregoing statutes, in part, said:

"The construction of these statutes has been before this court on many occasions, and reference to some of these cases will hereafter be made. The question of whether a writ of habeas corpus may be maintained under the facts as they appear here has also been considered.

"In the early case of In re Maas, 10 Okla. 302, 61 P. 1057, 1058, the territorial court had under consideration a case similar in many respects to the case at bar. In that case, after reviewing the facts, Judge Burwell said:

" '* * * If the trial court committed error in pronouncing judgment and sentence upon the defendant, his only

remedy is by an appeal to this court. Such matters cannot be reviewed in this action.'

"In the case of Ex parte Yandell, 54 Okla. Cr. 357, 22 P. 2d 114, 115, this court had before it the exact question here raised, and in an opinion by Judge Edwards, where the petitioner had been adjudged an insane person by the county court of Seminole county, and a copy of the order was attached to the petition, and it was further alleged that he appeared without counsel and none was appointed for him, after review of the cases relied upon by petitioner in Re Wright, 74 Kan. 406, 86 P. 460, 89 P. 678, and Mabry v. Hoye, 124 Miss. 144, 87 So. 4, said:

" 'It is fundamental that habeas corpus cannot be invoked for the release of one imprisoned under a judgment and commitment by a court of competent jurisdiction unless the judgment and sentence is clearly void. After a judgment of conviction has become final, the question of defendant's insanity at the time of the commission of the offense or at the time of trial cannot be raised on habeas corpus. Ex parte Stevenson, 187 Cal. 773, 204 P. 216. See, also, In re Selowsky, 189 Cal. 331, 208 P. 99; People ex rel. Cassidy v. Lawes, Warden, 112 Misc. 257, 182 N. Y. S. 545, 546; Winslow v. Green, 155 Ind. 368, 58 N. E. 259; Ex parte Heytz, 17 Okla. Cr. 698, 192 P. 698.' "

This court has repeatedly held that where a prisoner in custody under sentence of conviction seeks discharge on habeas corpus inquiry is limited to questions whether the court in which prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and whether the court had jurisdiction to render the particular judgment; and that a writ of habeas corpus may not be used as a substitute for an appeal. Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613.

Here, it is clear that the matters sought to be raised in this proceeding are not such as may be reached by

habeas corpus. The writ of habeas corpus is according-ly denied.

JONES, P. J., and BAREFOOT, J., concur.