## Ex parte BROWN.

No. A-11204.   Oct. 26, 1949.

(211 P. 2d 293.)

Tex R. Brown, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

POWELL, J. This is an original proceeding in habeas corpus by the petitioner, Tex R. Brown, who is confined in the Oklahoma State Penitentiary at McAlester.

In the verified petition it is alleged that on September 21, 1946, the petitioner entered a plea of guilty to the charge of larceny of an automobile, second offense, in the district court of Pottawatomie county, Okla., and was sentenced to serve seven years in the State Penitentiary.

Attached to the petition is a copy of the information filed in the district court of Pottawatomie county on August 26, 1946, charging the petitioner with the larceny of an automobile after former conviction of a felony, and in which it is alleged that defendant entered a plea of

guilty in the United States District Court for the Northern District of Texas to the charge of transporting a stolen automobile from one state to another, was sentenced to serve two years therefor and entered the Federal Reformatory at El Reno, Okla., on June 2, 1939, to serve such term; and further alleging that petitioner entered a plea of guilty to a charge of grand larceny in the district court of Washington county, Okla., and was sentenced to serve one year in the State Penitentiary at McAlester, and entered the penitentiary to serve said term on April 23, 1945.

The complaint in the district court of Pottawatomie county was filed under Tit. 21 O. S. 1941 § 51, and 21 O. S. Supp. § 1720. Section 1720 provides:

"Any person in this State who shall steal an aircraft, automobile or other automotive driven vehicle shall be guilty of a felony, and upon conviction shall be punished by confinement in the State Penitentiary for a term of not less than three (3) years, nor more than twenty (20) years."

Section 51 is that section of the Oklahoma statutes referred to as the "habitual criminal statute," and provides one convicted of second and subsequent offenses may be more severely penalized because of his previous convictions. Subsection 1 thereof provides:

"If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term of not less than ten years."

The constitutionality of this statute has been upheld many times. By the enactment thereof, the Legislature did not create or define a new or independent crime, but the statute sets out circumstances wherein one found

guilty of a specific crime may be more severely penalized because of his previous convictions. Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389, and cases therein cited.

The minimum punishment provided by the above statute is ten years in the State Penitentiary, and it is evident that the trial court, in accepting the plea of guilty of this petitioner, did not take into consideration the fact that he was charged as a second offender, and sentenced him under Tit. 21 O. S. Supp. § 1720, as hereinbefore quoted. Petitioner has no cause to complain, and in fact is fortunate that he received only seven years, instead of the minimum of 10 years.

The information was filed on August 26, 1946. Petitioner entered a plea of guilty and was sentenced, according to his petition, on September 21, 1946. He has filed his petition here without the aid of counsel, and in keeping with the established custom of this court, we have carefully examined the information, and considered the petition and brief attached thereto.

The general rule of this court, as often announced, is that where a prisoner is in custody under sentence of conviction and seeks his discharge on habeas corpus, the inquiry is limited to the questions of whether or not the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had jurisdiction to render the particular judgment. Ex parte Fisher, 88 Okla. Cr. 1, 199 P. 2d 238, and cases cited.

From an examination of the record before us, it appears conclusively that the district court of Pottawatomie county had jurisdiction of the person of the accused, and of the offense charged, and there is nothing before us to show lack of jurisdiction in the trial court to pro-

nounce the judgment and sentence. This petitioner was not without experience in criminal cases. He entered a plea of guilty in the district court to a charge of larceny of an automobile after former conviction of a felony. No attempt was made to appeal from the judgment and sentence.

The petition for writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.