# Ex parte McCOMBS.

No. A-11554. July 25, 1951.

(234 P. 2d 953.)

Cecil McCombs, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original proceeding in habeas corpus brought by Cecil McComb, petitioner, wherein he alleges that he is being restrained of his liberty in the State Penitentiary by the Warden, Jerome J. Waters. The cause of said restraint is a certain judgment rendered against him in the district court of Tulsa county, Oklahoma, entered on October 7, 1950, wherein he was sentenced for the crime of 2nd degree burglary of which he was convicted and as a subsequent offender and sentenced to 10 years in the penitentiary. Where relief is sought by habeas corpus, the Criminal Court of Appeals will inquire of the Pardon & Parole Office relative to any other pending and unsatisfied sentences against the petitioner before inquiring into the merits of the petition. This we have done herein and find that the petitioner has been 3 times convicted. At the time he was received on the judgment and sentence herein involved he was then out on parole on the judgment and sentence entered against him on December 23, 1948, for attempted robbery with firearms which parole was revoked after commencement of service of the sentence herein for 10 years. Under these conditions it has been held that where petitioner stands committed on an unsatisfied judgment other than the one upon which he seeks his release on habeas corpus the writ of habeas corpus will be denied. Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549, and cases therein cited, as well as Ex parte Baldridge, 81 Okla. Cr. 300, 164 P. 2d 253. Hence under the conditions herewith presented the relief sought herein by habeas corpus is unavailable to the petitioner.

Petitioner attacks the constitutionality of the second or subsequent offender statute, Title 21, § 51, O. S. A. 1941, providing for enhancement of punishment for habitual offenders. This act is no longer a matter of controversy as to its constitutionality. In Williams v. State, 56 Okla. Cr. 245, 37 P. 2d 658, this court held it to be constitutional. See, also, notes to 58 A. L. R. 20, 82 A. L. R. 345 and later cases; Tilghman v. Burns, 91 Okla. Cr. 359, 219 P. 2d 263; Ex parte Brown, 90 Okla. Cr. 129, 211 P. 2d 293; Ex parte Williamson, 87 Okla. Cr. 424, 198 P. 2d 1003; Ex parte Hibbs, 86 Okla. Cr. 113, 190 P. 2d 156, certiorari denied Hibbs v. State, 335 U. S. 835, 69 S. Ct. 25, 93 L. Ed. 387; Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389. It is apparent from an examination of the foregoing cases that this contention is wholly without merit.

Next the petitioner attacks the trial proceedings resulting in his conviction on the ground he was denied the aid of counsel and hence due process of law. His petition alleges that when he was tried the public defender failed to cross-examine a state's witness, an accessory to the crime, and that the petitioner took over the cross-examination and the trial court discharged the public defender as petitioner's counsel and left him without aid of counsel and that he has been without aid of counsel ever since. Attached to state's response are the court minutes as to what transpired in this regard. Court minutes have

been held to be of great weight as to what occurred at the trial of the case. Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613, 614, we said:

"Where a disputed question arises as to what occurred upon arraignment of one accused of crime great weight will be given to the recitations in the minutes of the court proceedings as to what occurred."

Also see Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139. The certified minutes in the proceedings in the trial court below herein involved reflects the following things pertinent hereto occurred, to wit:

"Reporter, Irene Carson. 7 witnesses sworn. State makes opening statement Deft reserves opening statement. State puts on its evidence. Jury admonished and court recessed at 12:00 to reconvene at 1:30 P. M. Deft remanded to custody of the sheriff. At 1:30 P. M. court reconvenes. Jury in the box. Deft present in open court with counsel. State resumes evidence. Deft discharges counsel Q. Dickason, P. D. in open court. States rests. Deft makes opening statement puts on evidence and rests. Both sides rest. Jury instructed. State makes closing argument. Deft waives closing argument. At 3:22 P. M. bailiff sworn and jury retires in his custody for deliberation. At 4:00 P. M. jury returns to court in custody of the bailiff for reading by reporter of part of transcript of evidence. Deft present in open court. At 4:40 jury in custody of bailiff retire for further deliberation. At 5:25 P. M. Deft present in person, jury returns its verdict which was read in open court was ordered filed and recorded and is as follows: 'We the jury, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant Cecil McCombs Guilty as charged in the information herein and fix his punishment in the state penitentiary for the term of — years. Jury is unable to agree on punishment, so punishment is left to the court. Signed: J. B. Harrington, Foreman.' Judgment ordered entered in conformity with said verdict. sentence day set for 10-7-50. Deft ordered held without bond and remanded to the custody of the sheriff. Jury discharged from further consideration of the case. * * *

"State represented by L. J. Bicking, Asst. Co. Atty. Deft Cecil McCombs, present in open court representing himself. This day having been set as sentence day, Deft having heretofore been convicted by jury verdict. Upon being asked by the court if he has legal cause why sentence should not be pronounced at this time, and none given and none appearing to the court on recommendation of L. J. Bicking, Asst. Co. Atty., Deft is sentenced to a term of 10 years in the State Penitentiary. Deft remanded to the custody of the sheriff."

Harold M. Shultz, Jr., Assistant County Attorney, who represented the State of Oklahoma, in the trial herein in the proceedings under attack, makes affidavit under oath the pertinent part of which is as follows, to wit:

"The undersigned, as Assistant County Attorney, represented the State on the trial itself; that the defendant was represented by Mr. Quinn Dickason, the Public Defender. I further swear that during the course of the trial, in open court with the jury in the box, that the defendant, Cecil McCombs, did stand and address the Court, stating, in effect, that he wished to ask questions of a state's witness then on the stand. To this request, Judge Eben L. Taylor, who was presiding, stated, in effect, that any questions or cross-examination must be made by his attorney. Whereupon, in return, Cecil McCombs stated that his attorney would not ask any questions. To this, in effect, Judge Taylor stated that if the defendant insisted upon asking questions himself, that he could only do so if he represented himself. Whereupon, in effect, Cecil McCombs stated to the court that he wished to discharge his attorney and to proceed without benefit of counsel and to represent himself. Whereupon, Cecil McCombs then asked the State's witness several questions on cross-examination and the trial proceeded.

"I further swear that the discharging of the Public Defender, Mr. Quinn Dickason, was entirely at the request of Defendant Cecil McCombs, and that the dismissal was in no way forced by Judge Taylor.

"Further, affiant saith not."

Quinn M. Dickason, Public Defender of Tulsa county, Oklahoma, made an affidavit under oath the pertinent part of which is as follows, to wit:

"I, Quinn M. Dickason, the undersigned, do hereby solemnly swear that I am a legally appointed Public Defender in and for Tulsa County, Oklahoma; that I was assigned by the Court to represent one Cecil McCombs, in District Court Case No. 14,389; that on October 2, 1950, I did so represent Cecil McCombs and was present during the selection of the jury; the swearing of the witnesses and on through the regular procedure of the trial of the case; that said defendant Cecil McCombs requested me to ask certain questions on cross-examination of a state's witness. Some of the questions requested by McCombs were deemed incompetent and inconsequential by me.

"I further swear that McCombs, in effect, stood up and requested the Court that he be allowed to ask these questions of the witness. Whereupon, the Court, in effect, stated that all questions asked must be through his counsel. Whereupon, said McCombs stated, in effect, that I refused to ask any questions. Whereupon, in return the Court informed him the only way he could ask these questions would be to discharge his counsel. Whereupon, Cecil McCombs did, in effect, request the Court to allow him to dismiss his counsel and to proceed to represent himself in the trial of the case. After this, I moved from my seat beside the defendant and took a seat removed from the defendant but still within the inner-rail of the courtroom and within hearing and that I stayed in this location for some time and up until the State had rested its case and the defendant had proceeded to make his statement and testify.

"I do not recall whether I remained in the courtroom all through the arguments or not.

"I further swear that my removal as counsel was instituted and requested by the defendant, Cecil McCombs and was not at the insistence of Judge Eben L. Taylor, who presided at the trial."

In Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, it was said that the question of the waiver of one's right to aid of counsel must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. Herein the petitioner was a man of experience. The court minutes made at the time of the proceedings support the subsequently executed affidavits of the assistant county attorney and the public defender, to the effect that the petitioner discharged his counsel and elected to proceed as his own attorney. Since that time he has elected so to do. It therefore appears that the petitioner has been his own counsel since he discharged Mr. Dickason. At no time since the trial does it appear from the record that the petitioner has sought the aid of counsel. He now complains that he has been unable to perfect his appeal. Having rejected aid of counsel when such aid was tendered him and having elected to represent himself, he can blame no one other than himself for the failure of the perfection of his appeal. We can only presume that he felt himself entirely adequate to the occasion of self-representation when he discharged his counsel provided by the trial court. Moreover, the record does not support the petitioner's contention relative to any requested appeal on his part as he alleges was made in open court. We can only conclude in the absence of support in the record that no such request was made. The time for perfecting the appeal has now expired. To issue a mandate to the trial judge to cause such appeal to be prepared and filed herein would be a vain act since this court would be without jurisdiction to hear the same. Hence the petition for both the writs of habeas corpus and mandamus is accordingly denied.

JONES and POWELL, JJ., concur.