**In re Habeas Corpus of Charles C. LAURANCE, Petitioner.**

**H. C. McLeod, Warden Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.**

No. A–12217.

Criminal Court of Appeals of Oklahoma.

Nov. 9, 1955.

Charles C. Laurance, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition for writ of habeas corpus, brought by Charles C. Laurance, as petitioner. In said petition, he alleges that he is being unlawfully detained in the State Penitentiary by Mr. H. C. McLeod, Warden. Petitioner alleges that his restraint is illegal duress in that he was convicted of an offense of burglary, in the District Court of Craig County, State of Oklahoma, wherein his punishment was fixed at five years. He alleges that said conviction was obtained without due process of law. He asserts that he was not given a preliminary hearing; that he was presented both to the examining Magistrate, and in the District Court, without aid of counsel, and that he was put in fear by the Prosecuting Attorney.

To this petition, the State has made response, wherein all of the allegations contained in said petition are denied, except such as are admitted to the effect that the petitioner was committed to the State Penitentiary on the 17th day of December, 1954, pursuant to judgment in the District Court, in Case No. 2486, wherein the petitioner was convicted and sentenced, as hereinbefore set forth. It is further alleged that the imprisonment has not yet been fully served.

Attached to the response are the following exhibits: Complaint, filed in the Justice of the Peace Court before the Honorable Geo. W. Zumwalt, alleging the burglary complained of, wherein the accused was charged with the theft of property, to-wit: a shotgun; a single-shot rifle; a pump-gun rifle; and, a ladies' Elgin Wrist Watch, all of the value of $50. Said theft being accomplished by breaking and entering. The second exhibit, a transcript of the Justice of the Peace Court, wherein it appears the accused waived a preliminary hearing and was bound over to the District Court. The third exhibit is the Minutes of a Court Clerk of the District Court of Craig County, Oklahoma, wherein it appears that defendant was served with a copy

of the information, and the information was read to him in open court. He was duly arraigned, and advised of his constitutional rights. It further appears that the defendant had no attorney, and that he stated he did not desire the services of an attorney; that he waived the time to plead, and entered a plea of guilty to the charge, as alleged in the information. From the fourth exhibit, it further appears that judgment and sentence was entered, fixing his punishment at five years in the State Penitentiary, and formal judgment was so entered.

 It appears from the record herein that the jurisdictional matters of which the petitioner complains he was denied were waived. In Ex parte Cobb, 89 Okl. Cr. 82, 205 P.2d 518, it was held:

"A person prosecuted for a crime may waive the rights guaranteed to him by Bill of Rights, relating to trial by jury, right to be heard by counsel, etc.

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

Ex parte McCombs, 94 Okl.Cr. 270, 234 P.2d 953.

The question of the waiver of one's right to aid of counsel must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.

The record herein discloses that the defendant, under no disability, waived his right to preliminary hearing, as well as the aid of counsel.

Under the circumstances herewith presented, it is therefore apparent that the trial court had jurisdiction of defendant's person, of the subject matter, and that it did not exceed its authority in pronouncing judgment and sentence for the crime of burglary in the second degree. T. 21, § 1436 O.S.1951. It has been repeatedly held that where the trial court has jurisdiction of the person of the defendant, and of the crime charged, and the sentence imposed does not exceed its lawful authority, this judgment is not void.

 The allegation as to being put in fear by the County Attorney is insufficient to challenge the attention of the court, when unverified, as in the case at bar. Ex parte Peck, 96 Okl.Cr. 71, 248 P.2d 655.

It is therefore apparent that, in face of the record herewith presented, the defendant is not entitled to the writ of habeas corpus, and the same is accordingly denied.

JONES, P. J., and POWELL, J., concur.