**Joe A. CARBRAY, #63184, Petitioner,**

v.

**The STATE of Oklahoma, and The District
Court of Tulsa County, Oklahoma,
Respondents.**

No. A-13225.

Court of Criminal Appeals of Oklahoma.

June 6, 1962.

Joe A. Carbray, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondents.

BRETT, Judge.

This is an original action by Joe A. Carbray, #63184, for a writ of mandamus directed to the district court of Tulsa County, Oklahoma, to require the court to provide a casemade for appeal, the petition having been filed herein on April 24, 1962.

The County Attorney of Tulsa County duly filed a response to the rule to show cause issued herein.

It appears that on December 16, 1959 this petitioner was found guilty by a jury, of the crime of uttering a forged instrument, after former conviction of a felony, and his punishment set at ten years in the state penitentiary. Judgment and sentence was entered, and on December 18, 1959 petitioner moved for a new trial, which was overruled. Notice of intention to appeal was given, and the court allowed the petitioner sixty, ten and five days for preparation of casemade, and set petitioner's appeal bond.

Thereafter and on January 11, 1960 this petitioner having failed to make appeal bond and to appeal, he was ordered committed to the state penitentiary in keeping with the judgment and sentence above referred to.

It further appears that the petitioner was represented by the Hon. John Harris, an attorney of the Tulsa County Bar. Further, it appears that no extension of time has been made by the district

court of Tulsa County, and that the time for perfecting the appeal, as provided by law, has long since expired.

It has been repeatedly held by this court that the defendant has no right to a casemade at public expense after the time to appeal the conviction has expired. Holloway v. State, Okl.Cr., 365 P.2d 829.

Furthermore, this court has held that after time for perfecting an appeal has expired, it would be a vain act to issue a mandamus to the trial court, to cause such appeal to be prepared and filed, in view of the fact that the Court of Criminal Appeals would be without jurisdiction to hear such appeal. McCombs v. State, 94 Okl.Cr. 270, 234 P.2d 953.

The petition for writ of mandamus is denied.

NIX, P. J., and BUSSEY, J., concur.