**Henry Oren FOOTE, #72945, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.**

**No. A–13950.**

Court of Criminal Appeals of Oklahoma.

June 1, 1966.

Henry Oren Foote, pro se.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondents.

BRETT, Judge:

The petitioner, Henry Oren Foote, #72945, has filed in this Court a petition for writ of habeas corpus and/or post conviction appeal to this Court, alleging

that he is presently confined in the Oklahoma State Penitentiary by reason of a judgment and sentence of the district court of Ottawa County, Oklahoma, where he entered a plea of guilty to a charge of grand larceny, and was sentenced on November 9, 1965 to serve two years in the penitentiary.

Petitioner, who filed his petition without the aid of counsel, as grounds for his contention, states that he is being held unlawfully, that he was arrested on November 6, 1965 and held in jail and not allowed to talk with anyone until he "asked to see the D. A.", with whom he talked, and was then returned to jail, and was not allowed to talk with anyone until after he was sentenced; and that he was denied the right of counsel.

The statute in force at the time this defendant was sentenced (Tit. 22 O.S.A. 1965, § 1054) provided that an appeal in a felony case could be taken within six months after the judgment and sentence was rendered. Judgment and sentence was entered against this defendant on November 9, 1965, and application for post-conviction appeal was filed herein on March 18, 1966, less than six months from the date of the judgment and sentence.

The Attorney General has filed a response herein, to which he attaches an authenticated copy of the minutes of the magistrate, showing that the county judge, sitting as an examining magistrate, fully explained the statutory rights of the defendants (defendant was charged conjointly with one George C. Foote) on the charge against them, their right to the aid of counsel at every stage of the proceedings, their right to waive preliminary examination; and delivered to each in person a copy of the complaint and list of witnesses endorsed on the complaint.

Also attached to the response is a certified copy of the minutes of the district court of Ottawa County; and a letter from the Judge of the district court of said County, in which he states that said defendants were fully advised of their constitutional rights, including the right to employ counsel of their choice, or request the court to appoint counsel to represent them; the right to trial by jury, and all other rights of said defendants, and that after receiving from each of said defendants his assurance that he thoroughly understood his constitutional rights as outlined, defendants entered pleas of guilty, and were each sentenced to serve two years in the state penitentiary

It has been repeatedly held by this Court that where a dispute arises as to the trial procedure, the minutes of the court are the best evidence of what transpired. Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193; Ex parte McCombs, 94 Okl.Cr. 270, 234 P.2d 953; Re Application of Jones, Okl.Cr., 365 P.2d 833.

After a thorough examination of the record before us, we are of the opinion that the district court of Ottawa County had jurisdiction of the person of this defendant, of the crime charged, and that he did not exceed his authority in pronouncing sentence against him; and further, that none of the defendant's rights were violated; that defendant is not entitled to release by habeas corpus; and since he has not shown that any of his constitutional rights have been denied him, he is not entitled to a post conviction appeal.

The writ of habeas corpus, and a delayed appeal, are denied.

BUSSEY, P. J., and NIX, J., concur.