Kenneth Wayne SMITH, #67978, Petitioner,

v.

The STATE of Oklahoma, Respondent.
No. A–14275.

Court of Criminal Appeals of Oklahoma.
June 28, 1967.

Kenneth Wayne Smith, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Kenneth W. Smith has filed herein his petition, seeking release from the state penitentiary by writ of habeas corpus.

Petitioner alleges that he entered a plea of guilty to a charge of burglary, second degree, in the Superior Court of Comanche County, Oklahoma, on January 25, 1963, and was sentenced to serve five years in the state penitentiary.

Petitioner states that he did not serve notice of his intention to appeal; that he did not request case-made at public expense; and that he did not have an attorney at any stage of his proceedings. He attaches to his petition copy of the complaint filed in the court of special sessions in and for Comanche County; copy of the transcript of such court; copy of the information filed in the superior court in and for Comanche County; copy of the judgment and sentence entered, and copy of the court minutes with reference to this case.

The journal entry of judgment and also the minutes of the court show that this defendant had all of his rights fully explained to him by the court, including his right to an attorney to advise him; right to trial by jury, right to time in which to plead and the consequences of his plea of guilty, and that after being so advised, defendant waived these rights and entered his plea of guilty to the charge of burglary in the second degree.

As stated in Application of Jones, Okl.Cr., 365 P.2d 833:

"It has been repeatedly held where a dispute arises as to the trial procedure, the minutes of the court are the best evidence of what transpired."

And see also Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193; Ex parte McCombs, 94 Okl.Cr. 270, 234 P.2d 953.

And in Ex parte Seale, 75 Okl. Cr. 183, 129 P.2d 862, we said:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveals that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

The petition herein wholly fails to state facts sufficient to warrant the discharge of the petitioner. The writ of habeas corpus is, therefore, denied.

NIX, P. J., and BUSSEY, J., concur.