Roy James COX, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, (Washington County), Respondents.

No. A–14311.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1967.

Roy James Cox, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in which Roy James Cox seeks his release from confinement in the state penitentiary, by writ of habeas corpus.

Petitioner states that he is presently confined in the penitentiary by virtue of a judgment and sentence rendered against him in the district court of Washington County, Oklahoma.

Petitioner was charged with the crime of obtaining merchandise and money by means of a false and bogus check, and on September 23, 1964 entered a plea of guilty to such charge, and was sentenced to serve seven years in the penitentiary.

The judgment and sentence so rendered was, on the date it was entered, suspended

"pending the continued good behavior of the defendant". Thereafter on February 23, 1965 the judge of the district court of Washington County entered an order revoking such suspended sentence, reciting:

"Whereupon there was presented to the court information that the said Roy James Cox has since said sentence was ordered and suspended during good behavior violated the terms of the suspension of his sentence, and whereupon the court finds that said act of said defendant constitutes sufficient grounds for revoking the suspension of sentence heretofore entered by this court."

Defendant was ordered to be delivered to the Warden of the state penitentiary to serve his sentence.

This is not petitioner's first appearance in this Court. Under date of January 6, 1966 he filed herein his petition for post conviction appeal, contending that he was denied due process of law when he entered his plea of guilty without the aid of an attorney. Cox v. Page, Okl.Cr., 417 P.2d 338.

A response was filed in that action by the Attorney General to which was attached a certified copy of the minutes of the court, copy of the judgment and sentence on plea of guilty, and a copy of the order revoking suspended sentence. The minutes show that the defendant was present without an attorney, that he was advised of his right to an attorney and time to plead; that he waived the reading of the information, waived his right to an attorney and further time to plead and entered his plea of guilty. Defendant was sentenced to serve seven years in the state penitentiary, and the sentence was suspended *pending* good behavior. Defendant was admonished and told to report to the county attorney every six months.

It has been repeatedly held by this Court that where a dispute arises as to what occurred during the trial the minutes of the court are the best evidence of what transpired. See Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193; Ex parte Mc-

Combs, 94 Okl.Cr. 270, 234 P.2d 953; Foote v. Page, Okl.Cr., 415 P.2d 182; In re Application of Jones, Okl.Cr., 365 P.2d 833.

This Court, by opinion dated July 27, 1966, denied the application for post conviction appeal (Cox v. Page, supra) holding that petitioner was advised of his rights to an attorney, and to further time to plead and stating:

"It is obvious from these records, that the petitioner knowingly entered his plea of guilty to receive a suspended sentence, and knowingly and intelligently waived his right to counsel. He gladly accepted the suspended sentence at the time, but when it was revoked, decided that he had been denied his constitutional rights. This Court does not agree."

Petitioner now states that he has since the denial of his petition for post conviction appeal filed a petition for habeas corpus in the United States District Court for the Northern District of Oklahoma, and that said petition was denied.

The Attorney General has filed a response in this proceeding, to which he attaches a copy of the order of the United States District Court, denying the writ. That order recites that at a hearing in that court on April 20, 1967, in addition to the allegations contained in the petition, counsel for petitioner "inquired into an area touching on petitioner's mental competence" and petitioner now for the first time in this Court, raises the contention that he was insane *at the time of the commission of the crime*.

In this present petition for writ of habeas corpus, petitioner states that he has been a mental patient in several mental hospitals, but names only one, "The Mental Center in Springfield, Missouri," where he states he was a mental patient from 1959 until 1961, and again from 1962 until 1964. No proof is offered of petitioner's insanity at any time, merely the statement of the petitioner which at most does not establish permanent insanity, but only tends to indicate insanity occasional or intermittent in

its nature. Sanity being the normal and usual condition of mankind, the law presumes that every person is sane; the State in a criminal prosecution may rely upon such presumption without proof relative thereto.

In 22 C.J.S. Criminal Law § 424(5), p. 1197, it is said:

"A plea of guilty is an implied admission of accused's sanity; and the court's action in accepting the plea is neccessarily an affirmation of its belief in defendant's sanity."

In Ex parte Potts, 89 Okl.Cr. 89, 205 P.2d 522, this Court, quoting from Ex parte Gilbert, 71 Okl.Cr. 268, 111 P.2d 205, said:

"After a judgment of conviction has become final, the question of defendant's insanity at the time of the commission of the offense or at the time of trial cannot be raised on habeas corpus."

The application of Roy James Cox for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.