Ex parte ROY MOORE.

No. A.-9256.  Feb. 5, 1937.

(65 Pac. [2d] 201.)

Roy Moore, per se.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. This is an original petition asking for a writ of habeas corpus. Among other allegations the petitioner alleges:

"That he is illegally restrained of his liberty, in the means and manner as follows:

"That on the 18th day of April, 1936, he was sentenced in the district court of Bryan County, to serve a term of

five (5) years for the crime of subsequent offense petit larceny."

That he is now confined in the state penitentiary, at McAlester, Okla., that he was received at the state penitentiary on the 18th day of April, 1936, and assigned No. 34011.

The main grounds of the petitioner's contention that he is illegally restrained of his liberty is that the information filed against this defendant alleges he committed the crime of subsequent and second offense petit larceny. The information charged that the defendant prior to the filing of the information in this case had been convicted and served a number of sentences. The records of the court show that when the defendant was called on to plead in the district court of Bryan county, Okla., which is a court of general jurisdiction having jurisdiction over the defendant and the crime charged against him, this defendant entered his plea of not guilty, was then tried, convicted, and sentenced to serve a term of five years in the state penitentiary.

It is argued by the petitioner that the judgment and sentence against him for five years' confinement in the state penitentiary is illegal, for the reason that the judgment recites subsequent offense petit larceny.

With the petitioner's contention this court does not agree. The information shows conclusively that prior to the trial in the case for which the defendant now is confined in the penitentiary the defendant was convicted of several different offenses, not only in this but in other states, and when the information was drawn in this case it alleged subsequent offenses for which the defendant had been tried, convicted, and sentenced, and then alleged the

crime of petit larceny against the defendant convicted on the 7th day of December, 1935, in Bryan county, Okla.

Section 1817, O. S. 1931, provides for the punishment to be inflicted upon those who are convicted upon a second offense. The third paragraph of said section is as follows:

"If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

The record shows that this defendant was tried and convicted of petit larceny, alleged to have been a subsequent offense committed by the petitioner after he had been convicted of several other offenses and served sentences. The pleading shows the conviction of the petitioner was regular, that the court had jurisdiction of the subject-matter and the petitioner; and they further show that the defendant is not entitled to the relief prayed for.

The writ is therefore denied.