# CLAUDE TAYLOR v. STATE.

No. A-10505.   Feb. 6, 1946.

(166 P. 2d 108.)

Claude Taylor, in pro. per.

Randell S. Cobb, Atty. Gen., and Dixie Gilmer, Co. Atty. of Tulsa, for defendant in error.

BAREFOOT, J. Defendant, Claude Taylor, was charged in the district court of Tulsa county with the crime of burglary in the second degree, after having been convicted of the crime of selling a forged instrument and serving a term of two years in the State Penitentiary of this state therefor. He was tried, convicted and sentenced to serve a term of ten years in the penitentiary, and has appealed.

Defendant was represented in the trial court by Harry Dyer, public defender of Tulsa county, who was appointed by the court. This appeal was filed by the defendant himself, who is now serving his term in the State Penitentiary at McAlester. No brief has been filed, either by the defendant or by the state. The cause was submitted to this court on June 13, 1945.

We have carefully considered the assignments of error, and have read the case-made.

It is first urged that the case should have been continued for the reason that the defendant entered a plea of guilty while the panel of jurors was in the courtroom. The defendant at the time was of the opinion that he was pleading guilty to a misdemeanor. This plea was set aside, and a jury was then impaneled. The court, before the jury was sworn, propounded the following question to all of the jurors:

"The Court: Do any of you at this time have any impression in your minds because of the fact that it has been stated here this defendant did appear before this court and before this Bar in some matter—Are there

any of you jurors in the box—Do any of you have any impression in your minds as a result of that statement made about the appearance of the defendant in this court at some time during these proceedings in this matter that would have any effect whatsoever in any way in the trial of this case? All jurors answer 'no.' "

This was a matter within the discretion of the trial court, and we do not find there was an abuse of this discretion. The record reveals that defendant made four challenges for cause at the time the jury was selected.

It is next urged that the court erred in permitting a certain letter to be introduced in evidence. This was a letter written by defendant to the prosecuting witness after he had been arrested and prior to his trial. The record discloses that defendant on cross-examination was questioned about the letter, and admitted writing the same, and admitted certain statements therein made. The letter does not appear in the record, and the record does not show that the letter was introduced in evidence. Under the circumstances stated, it would have been proper for the state to have introduced the letter in evidence as a part of the cross-examination of the defendant. There was no error in this matter.

It is next contended that the verdict is contrary to the evidence, and is excessive.

This contention is based upon the fact that the defendant was convicted upon circumstantial evidence. It is true that the main fact of the burglary was based upon circumstantial evidence, and the court instructed the jury to this effect, and gave a full instruction upon this question.

The facts were that the prosecuting witness, Lelia Jones, who was the step-grandmother of the defendant,

was working for the family of Dr. Ashley, who resided at 1528 Geary Place, in Tulsa. She occupied servants' quarters in the rear of this address. On the morning of September 13, 1943, she closed her windows and locked the door but left the key in the door, left her quarters and was at work as a servant in the Ashley home. She left her pocketbook containing $20.32—three five dollar bills and five one dollar bills, in her quarters. The defendant, on the morning of the day in question, accosted a taxi driver, Frenchie Hughes, and hired him to take him to the above address, telling him that he did not have any money, but wanted him to take him to his grandmother's address, and he would get the money, and pay him a dollar. When they arrived at the address, the defendant left the taxi and walked down the driveway toward the quarters in the rear. He soon returned to the taxi, and had paper money, and gave the taxi driver a one dollar bill.

The defendant was seen leaving the taxi and going to the quarters by Mr. Douglas Frazier, who lived next door. Mr. Frazier was working in his garage at the time. Defendant was there about five or ten minutes, then returned to and entered the taxi, and it drove away.

Lelia Jones, the prosecuting witness, saw the defendant leaving her quarters and recognized him as he passed the window of the house where she was working. She immediately went to her quarters, and the money was missing from her pocketbook. She ran toward the front and made inquiry of some one and saw the taxi leaving but could not stop it.

Defendant was arrested by the Tulsa officers about 6 o'clock that evening. He testified in his own behalf, and admitted going to the premises, but said that the

door was open to the quarters. That he knocked and when no one appeared, he left and did not enter, or take the money. On cross-examination he admitted writing a letter to the prosecuting witness while in jail, asking her to say that she had found her money where she had misplaced it, and that he would pay her back. His explanation of this was that he thought it would be better for him to pay her the money than to go to the penitentiary.

It was also proven by the state that the defendant had been convicted of forgery in the second degree in 1941, in Tulsa county, and had served a term of two years in the State Penitentiary at McAlester. Defendant was 34 years of age.

The verdict of the jury was for ten years in the State Penitentiary. This is the minimum sentence for a conviction for burglary in the second degree, where one has previously been convicted of a felony. The court properly instructed the jury that the charge as a second offender was only to be considered with reference to the increasing of the punishment given, and was not to be considered by the jury in passing upon the guilt or innocence of the defendant of the crime with which he was on trial.

From the above statement, it is clear that the evidence of the state was sufficient to warrant the jury in arriving at a verdict of guilty. There was positive evidence, and while the actual entry and taking of the money was based upon circumstantial evidence, it was sufficient to warrant the jury in reaching the conclusion that the defendant entered the quarters and took the money of the prosecuting witness. Under the law, one may be convicted upon circumstantial evidence, the same as upon

positive evidence. In cases of this character, it is often hard for the state to prove the actual breaking and the taking of the property, and it must depend on circumstantial evidence to furnish this proof.

There is nothing in the record to justify a reduction of the sentence. It was the minimum provided by the statute.

For the reasons above stated, the judgment and sentence of the district court of Tulsa county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.