### In re EARL BIBBINS.

No. A-10654. April 17, 1946.

(168 P. 2d 311.)

Earl Bibbins, in pro per.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

BAREFOOT, J.   Petitioner has filed in this court his petition for habeas corpus, seeking his release from the State Penitentiary.   The Attorney General filed a response on behalf of the Hon. R. B. Conner, warden of the Penitentiary, on December 26, 1945, and a supplemental response on January 4, 1946.   The case was set for oral argument and submitted on January 23, 1946.

The exhibits attached to the petition, the response, and the record, reveal that the petitioner was charged by information filed in the district court of Osage county on December 27, 1944, with the crime of burglary in the second degree, and was also charged as a second offender, with having been previously convicted in Osage county, Okla., on November 14, 1941, of the crime of petty larceny, and having served a term of ten days in the county jail; and with having been previously convicted in Osage county, Okla., on June 21, 1937, of the crime of burglary in the second degree, and having served a term of two years in the State Reformatory at Granite, Okla.

Petitioner was represented by able counsel and entered a plea of not guilty.   He was tried before a jury, found guilty, and also that he was a second offender,

and judgment and sentence was assessed against him by the court at ten years in the State Penitentiary. Motion for new trial was filed and overruled, and no exception was taken, and no appeal was filed by petitioner.

Under the above statement, this case comes clearly within the rule so often announced by this court that an appeal can not be considered upon a petition for habeas corpus. It is only when the judgment and sentence is void that relief will be given by habeas corpus.

Petitioner has presented the question in this case that he was sentenced for a term of ten years, and that the statute, 21 O. S. 1941 § 1436, fixes the maximum punishment for conviction of second-degree burglary at seven years in the penitentiary.

In making this contention, defendant overlooks the fact that the "habitual criminal" statute, 21 O.S. 1941 § 51, provides that one having been previously convicted of a felony, upon subsequent conviction of the offense of burglary in the second degree may be sentenced to a term of ten years in the penitentiary. This is the minimum punishment prescribed by the statute. We have recently passed upon this question in the case of Claude Taylor v. State, 82 Okla. Cr. 49, 166 P. 2d 108.

While it is not necessary to pass upon the question for the reasons above stated, petitioner alleges that he was convicted by a jury of ten men. The record reveals that he waived the right to have twelve men sit as jurors in this case, and agreed to be tried by ten jurors. This he had a right to do. Ex parte Hollingsworth, 46 Okla. Cr. 353, 287 P. 840; Trott v. State, 62 Okla. Cr. 52, 70 P. 2d 118.

For the reasons above stated, the petition for writ of habeas corpus is denied.

JONES, P. J., concurs. DOYLE, J., not participating.