## Ex parte CHESTER F. HIBBS.

No. A-11004.   Feb. 18, 1948.
(190 P. 2d 156.)

114

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. Petitioner, Chester F. Hibbs, has filed his petition for a writ of habeas corpus, seeking his release from the State Penitentiary at McAlester, where he is now confined by reason of a judgment and sentence of the district court of Oklahoma county, entered on November 28, 1938, wherein he was convicted of the crime of first degree burglary, after former conviction of a felony, and sentenced to the State Penitentiary for 99 years. The former convictions alleged were a conviction of the crime of robbery with firearms on November 28, 1928, in cause No. 6693 in the district court of Oklahoma county; a conviction of the crime of attempted rape on November 28, 1928, in cause No. 6692 in the district court of Oklahoma county; and a conviction of the crime of larceny of an automobile on November 28, 1928, in cause No. 6697, in the district court of Oklahoma, in which petitioner was sentenced to the State Penitentiary in all of said cases.

Defendant has filed his petition in his own behalf, but evidently had legal assistance in the preparation of the same. He bases his contention for the writ upon the grounds that his conviction was in violation of art. 14, § 1 of the United States Constitution, which guarantees to every citizen "the equal protection of the laws," and in violation of the Fifth Amendment to the Federal Constitution in which it is provided that no person may be

"compelled in any criminal case to be a witness against himself."

These propositions may be considered together.

Attached to the petition is a copy of the information filed in the district court of Oklahoma county on October 23, 1938, charging petitioner with the crime of burglary in the first degree after former conviction of a felony; also a copy of the warrant of arrest, and a copy of the judgment and sentence.

This petitioner first filed his petition for writ of habeas corpus in the district court of Pittsburg county. To that petition the Attorney General, on behalf of the respondent, the Hon. Clarence P. Burford, warden of the State Penitentiary, filed a response (copy of which is also attached to the petition herein), setting up the judgment and sentence as a reason for the confinement of petitioner in the penitentiary; and further states:

"For further return to the writ issued herein, respondent says and states that by the allegations of said petition filed herein no jurisdictional matters are raised and that all material allegations raised by said petitioner should have been raised by appeal, and are not propositions that can be legally raised by application for writ of habeas corpus.

"That respondent denies each and every material allegation made and contained in said petition except such as are shown by this return to be admitted."

Petitioner in his brief, which is a part of the petition, attempts to attack that part of Tit. 21 O. S. 1941 § 51, which permits a greater punishment of a person who is a second offender, as being unconstitutional by reason of the provisions above stated, and that it also constitutes "cruel and unusual punishment" which is prohibited by

the Eighth Amendment to the Constitution of the United States.

The Oklahoma statute (Tit. 21 O. S. 1941 § 51) in question is as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years.

"2. If such subsequent offense is such that, upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding ten years.

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years."

It will be noted that subsection 1 of this statute provides that if the offense of which a person is subsequently convicted is such that upon a first conviction the punishment would be by imprisonment in the penitentiary for any term exceeding five years, "such person is punishable by imprisonment in the penitentiary for a term not less than ten years." This is the minimum punishment permitted, but not the maximum. It was by reason of this provision that petitioner was given a sentence of 99

years. It may be noted that the evidence revealed that petitioner had on three previous occasions been convicted of a felony. It was no doubt by reason of this fact that the jury assessed the heavy penalty against the petitioner.

The constitutionality of this statute has heretofore been upheld by this court in the cases of Williams v. State, 56 Okla. Cr. 245, 37 P. 2d 658, Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389, and many cases cited therein.

It is unnecessary to quote from these cases. See, also, the exhaustive Notes in 58 A. L. R. 20, and 82 A. L. R. 345, where the question of the constitutionality and construction of enhancing penalty statutes for second or subsequent offenses is fully discussed. See, also, the late cases from this court: Broyles v. State, 83 Okla. Cr. 83, 173 P. 2d 235; certiorari denied 329 U. S. 790, 67 S. Ct. 358; In re Bibbins, 82 Okla. Cr. 234, 168 P. 2d 311; Salisbury v. State, 80 Okla. Cr. 13, 156 P. 2d 149; Solomon v. State, 79 Okla. Cr. 93, 151 P. 2d 944; Ex parte Shockley, 78 Okla. Cr. 101, 144 P. 2d 118; Baker v. State, 64 Okla. Cr. 169, 78 P. 2d 320; Ex parte Moore, 60 Okla. Cr. 419, 65 P. 2d 201.

The answer to all of the contentions presented by the petitioner will be found by reading the above cases. In all of these cases, the principle has been announced that the habitual criminal statute does not create or define a new or independent crime, but describes circumstances under which one found guilty of a specific crime may be more severely penalized because of his previous convictions. Taylor v. State, 82 Okla. Cr. 49, 166 P. 2d 108.

We have carefully examined the cases cited in petitioner's brief, and they are in accord with the principles announced above. The record in no way discloses that petitioner was denied "the equal protection of the law"

or compelled to be a witness against himself, or that he received "cruel and unusual punishment" in contravention of the Constitution of the United States.

The defendant in this case received a sentence of 99 years in the penitentiary. This is, of course, a long sentence, but the Legislature of this state, in 1943, 1945 and 1947, created a Pardon and Parole Board, and one of the duties of this board is to make recommendations to the Governor of the state as to pardons and paroles of those confined in the criminal institutions of this state. This board is now organized and under its rules and regulations frequent visits are made to the penal institutions of the state for the purpose of making investigations of the inmates thereof, and as to whether recommendations should be made to the Governor for their pardon or parole. This avenue is open to this petitioner, and all others, subject to the rules and regulations provided by said board. It is provided by the Act of 1947, p. 343, § 1, Tit. 57 O. S. 1941 § 332.7, cumulative edition:

"It shall be the duty of the Pardon and Parole Officer, with or without application being made, to cause an examination to be made at the penal institution where the person is confined, and to make inquiry into the conduct and the record of the said person during his confinement in said penal institution, and thereafter said Pardon and Pardon Officer shall report to the Pardon and Parole Board his findings, which shall be considered as a basis for consideration of said person for recommendation to the Governor for parole."

This is a very fine provision of the law, and affords an opportunity to petitioner and all others who are confined in the penal institutions of this state to present their cases to an eminently qualified board for proper consideration—a board which may not only consider "justice", to which the courts are limited, but may extend "mercy",

as the facts in each individual case may justify. Kennedy v. State, 66 Okla. Cr. 318, 92 P. 2d 384; Abby v. State, 72 Okla. Cr. 208, 114 P. 2d 499, 115 P. 2d 266; Kidd v. State, 76 Okla. Cr. 213, 136 P. 2d 210; Murphy v. State, 72 Okla. Cr. 1, 112 P. 2d 438; Mannon v. State, 68 Okla. Cr. 267, 98 P. 2d 73; Cunningham v. State, 70 Okla. Cr. 131, 105 P. 2d 264; and Lewis Grayson v. State, 85 Okla. Cr. 266, 188 P. 2d 696.

We are of the opinion that the petition for writ of habeas corpus should be denied. It is so ordered.

JONES and BRETT, JJ., concur.