## Ex parte EARL BIBBINS.

No. A-11202. April 27, 1949.

(206 P. 2d 242.)

Earl Bibbins, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. The petitioner herein filed his petition for a writ of habeas corpus in this court seeking his release from the State Penitentiary. He alleges that he is unlawfully restrained of his liberty by C. P. Burford,

warden of said penitentiary, under and by virtue of a judgment and sentence made and entered in the district court of Osage county, Okla., on the 2nd day of April, 1945. Petitioner does not attack the jurisdiction of the district court of Osage county as being improper in the hearing of the case as referred to but does attack the judgment of the court in said cause. He alleges that the judgment and sentence is excessive in that he was convicted of burglary in the second degree only, and that he was sentenced to 10 years in the penitentiary. He alleges the crime of which he was adjudged guilty was burglary, second degree, for which the maximum punishment is seven years. He further alleges that the question of the additional words "second offense" never arose before the trial, during the trial nor afterwards, until the petitioner made written request for the records of his trial. He says that an order nunc pro tunc was issued after the petitioner's commitment in the penitentiary, which order was issued solely to vindicate the irregular action of the court after the petitioner made written request for copies of the same, not before; and that his commitment papers on file at the State Penitentiary were not altered to read "second offense", but read only "burglary second degree", and recorded a sentence of 10 years. The alleged excessiveness of the judgment and sentence is the only question of merit presented by the petition. All the other questions are questions that should have been raised upon appeal and are not proper matters for consideration on habeas corpus. In connection with the question raised as to the excessiveness of the judgment and sentence reference to In re Earl Bibbins, 82 Okla. Cr. 234, 168 P. 2d 311, 312, a prior consideration of this question, therein raised, shows that this contention is without merit. Therein it appears:

"The exhibits attached to the petition, the response, and the record, reveals that the petitioner was charged by information filed in the district court of Osage county on December 27, 1944, with the crime of burglary in the second degree, and was also charged as a second offender, with having been previously convicted in Osage county, Okla., on November 14, 1941, of the crime of petty larceny, and having served a term of ten days in the county jail; and with having been previously convicted in Osage county, Okla., on June 21, 1937, of the crime of burglary in the second degree, and having served a term of two years in the State Reformatory at Granite, Okla.

"Petitioner was represented by able counsel and entered a plea of not guilty. He was tried before a jury, found guilty, and also that he was a second offender, and judgment and sentence was assessed against him by the court at ten years in the State Penitentiary. Motion for new trial was filed and overruled, and no exception was taken, and no appeal was filed by petitioner.

"Under the above statement, this case comes clearly within the rule so often announced by this court that an appeal can not be considered upon a petition for habeas corpus. It is only when the judgment and sentence is void that relief will be given by habeas corpus.

"Petitioner has presented the question in this case that he was sentenced for a term of ten years, and that the statute, 21 O.S. 1941 § 1436, fixes the maximum punishment for conviction of second-degree burglary at seven years in the penitentiary.

"In making this contention, defendant overlooks the fact that the 'habitual criminal' statute, 21 O.S. 1941 § 51, provides that one having been previously convicted of a felony, upon subsequent conviction of the offense of burglary in the second degree may be sentenced to a term of ten years in the penitentiary. This is the minimum punishment prescribed by the statute. We have recently passed upon this question in the case of Claude Taylor v. State, 82 Okla. Cr. 49, 166 P. 2d 108."

Under the condition of the record herein involved, it is apparent that the court had jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence imposed. This court has held that the inquiry in habeas corpus is limited to these questions. Ex parte Franks, 88 Okla. Cr. 128, 200 P. 2d 778; Ex parte Custer, 88 Okla. Cr. 154, 200 P. 2d 781; Ex parte Cartwright, 88 Okla. Cr. 206, 201 P. 2d 935; Ex parte Hampton, 87 Okla. Cr. 416, 198 P. 2d 751.

The petitioner's petition herein raises no new questions, the subject of consideration in habeas corpus not heretofore determined in Re Earl Bibbins, supra.

Relative to the matters raised which might have been raised on appeal, this court has repeatedly held that the writ of habeas corpus may not be used as a substitute for appeal. Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613. In Ex parte Roy Whitson, 70 Okla. Cr. 79, 104 P. 2d 980, 981, this court said:

"It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

It is apparent that the facts alleged in the petition as the basis for a writ of habeas corpus would not warrant the granting of the writ, and under such conditions this court has repeatedly held that the writ of habeas corpus must be and hereby is denied.

JONES, P. J., and BAREFOOT, J., concur.