**Frank CHASE, Petitioner,**

v.

**The STATE of Oklahoma and R. R. Raines,
Warden of the Oklahoma State Penitentiary, Respondents.**

**No. A–13300.**

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1963.

Frank Chase, petitioner pro se.

David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondents.

PER CURIAM.

This is an original petition for habeas corpus, brought by Frank Chase, petitioner. He alleges in his petition that he is being unlawfully restrained of his liberty on a judgment and sentence of 13 years imprisonment in the state penitentiary.

In his petition petitioner complains that he was tricked out of an appeal (see Chase v. State, Okl.Cr., 373 P.2d 259). Therein we held in substance that petitioner had been given ample time to have perfected his appeal, but due to the fact that he apparently ignored his counsel and attempted to handle his appeal himself from the penitentiary, he made default in such matter until the time allowed for appeal had expired. See Chase v. State, supra, for details.

Further, petitioner complains that the information in the original case was bad for duplicity, in that two separate and

distinct offenses not based on the same transaction were charged.

It appears in this connection that .petitioner was charged with conjoint robbery with firearms (21 O.S.1961 § 800), after former conviction of second degree burglary (21 O.S.1961 § 1435) as provided in 21 O.S. 1961 § 51. This proceeding has been repeatedly upheld. Ex parte Sanders, 95 Okl. Cr. 33, 238 P.2d 840, certiorari denied Sanders v. Walters, 342 U.S. 929, 72 S.Ct. 370, 96 L.Ed. 692; Ex parte McCombs, 94 Okl. Cr. 270, 234 P.2d 953; and numerous other cases. This contention is wholly without merit.

It appears from the records before us, in Chase v. State, No. A–13227, Okl.Cr., 378 P.2d 779, and in this case, that the trial court had jurisdiction of the defendant's person, jurisdiction of the subject matter (conjoint robbery, 21 O.S.1961 § 800) and authority under the law to pronounce the judgment and sentence rendered, by virtue of 21 O.S.1961 § 800, and 21 O.S.1961 § 51.

Inquiry in habeas corpus is limited to the determination of the foregoing elements of jurisdiction. Ex parte Noble, 89 Okl. Cr. 231, 206 P.2d 226.

In applying the habitual criminal act herein, the petitioner was not denied equal protection of the law. Ex parte Hibbs, 86 Okl.Cr. 113, 190 P.2d 156.

Petitioner claims he was denied due process. After studying this record and the record in Chase v. State (case No. A–13227) supra, carefully, we are of the opinion that due process was available to the petitioner, but he did not proceed in a manner to avail himself thereof.

In this proceeding petitioner seeks to accomplish what he should have sought on an appeal (which failed because of lapse of time on two grounds. See Chase v. State, supra) It has been repeatedly held that habeas corpus is not a substitute for an appeal. Ex parte Bibbins, 89 Okl.Cr. 196, 206 P.2d 242, and numerous other cases.

The writ of habeas corpus is, accordingly, denied.

The Court acknowledges the aid of Supernumerary Judge JOHN A. BRETT in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Judge of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.