Dee Loren PIERCE, Petitioner,

v.

Joe HARP, Warden of the State Reformatory at Granite, Okla., and the District Court of Oklahoma County, Oklahoma, Respondents.

Nos. A–13988, A–14001.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1966.

**356** 

Sid White, Oklahoma City, and Alfred K. Hambrick, Spencer, for petitioner.

Charles Nesbitt, Atty. Gen., for respondent.

NIX, Judge.

[Case No. A–13, 988 filed on April 29, 1966 by Mr. Alfred K. Hambrick, attorney at law; and Case No. A–14,001, filed on May 13, 1966 by Mr. Sid White, attorney at law, are herewith combined as they present the identical question of law to this Court.]

This is an Original Proceedings filed in this Court, in which the petitioner seeks his release from the State Reformatory at Granite, Oklahoma, alleging that he is confined by virtue of a void judgment and sentence.

 Petitioner was charged by information in the District Court of Oklahoma County with the crime of Burglary Second Degree After Former Conviction of a Felony, case #30937. According to the record, the cause came on for trial before a jury on September 13, 1965. Petitioner's counsel filed a motion to quash the information, and the following transpired:

"THE COURT: Well, the court will take judicial notice that the information that was filed for Burglary in the Second Degree has another count attached to it, which also recites that this charge is filed after a former conviction of a felony.

MR. BAUCUM: And also that the transcript on which he was bound over says, "Demurrer Sustained," and is in the judge's own handwriting.

THE COURT: Well, this court would have to consider the transcript with this part in the judge's handwriting, and this transcript as filed with the Court Clerk of this county shows that the demurrer was sustained to the part of the information regarding the "former conviction of a felony," and that the information before this Court in this trial charges only Burglary in the Second Degree, and this trial will be conducted on the information as to Burglary in the Second Degree.

MR. BAUCUM: I think that completes the record. I will file my motion formally as soon as it gets here.

MR. WALKER: Comes now the State of Oklahoma, by Robert Walker, Assistant County Attorney, and after hearing the motion of the defendant's lawyer, Malcolm Baucum, Attorney for the Defendant, Dee Loren Pierce, and the ruling by Judge Morris, the state now moves to dismiss the "After Former Conviction" charge in this case, Case No. 30937.

THE COURT: All right, that motion will be sustained."

The jury was then impaneled, and the cause proceeded to trial. After a substantial part of the state's evidence had been presented, the defendant elected to enter a plea of guilty, and the trial court discharged the jury. Thereafter, on October 22, 1965, the defendant was sentenced before the Honorable Glen O. Morris to Three Years in the penitentiary. When the judgment and sentence was recorded in Book 944, page 393, the clerk did not have the benefit of the proceedings wherein the "After a Former Conviction of a Felony" was deleted from the information by order of the court. The sentence of Three Years is within the statutory limitations for Burglary Second Degree, for if the trial judge had intended to sentence him for the "After Former Conviction", the sentence could have been a *minimum of Ten Years*. See, Ex parte Bibbens, 89 Okl.Cr. 196, 206 P.2d 242; Taylor v. State, 82 Okl.Cr. 49, 166 P.2d 108; and the case of Herren v. State, 75 Okl.Cr. 251, 130 P.2d 325, wherein it was stated:

"The punishment on conviction of second-degree burglary after conviction of

another felony is any term in penitentiary not less than ten years."

Therefore, it being clear to this Court that the error in the judgment and sentence is a clerical one, we will follow our holding in the case of Friend v. State, Okl.Cr., 379 P.2d 478:

"The Trial court may at any time upon proper showing, by appropriate order nunc pro tunc, cause its records to recite the truth, and such records, when corrected, make valid that which was apparently defective."

See, also, cases cited therein.

And, further, in Flowers v. State, Okl. Cr. 398 P.2d 161:

"Where there is an error in the formal judgment and sentence, a proceeding in habeas corpus to correct the same may be maintained at any time after its rendition."

Under the facts herein presented, this Court is of the opinion that the District Court of Oklahoma County should conduct a nunc pro tunc proceeding and correct the judgment and sentence entered in case #30937, to show that the defendant plead guilty to Burglary Second Degree, and was sentenced therefor, and it is so ordered.

■ From an examination of the transcript before us, it appears conclusively that the District Court of Oklahoma County had jurisdiction of the person of the accused and of the offense charged; and that when the original court records are corrected, as herein directed, there will be nothing to show lack of jurisdiction in the trial court to pronounce the judgment and sentence of three years. No attempt to appeal from the judgment and sentence was ever undertaken.

The writ of habeas corpus is accordingly denied, with instructions to the District Court of Oklahoma County to Correct the judgment and sentence by order nunc pro tunc.

BUSSEY, P. J., and BRETT, J., concur.