IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-104

EARL TAYLOR,
    Petitioner,

v.

HENRY RISLEY,
    Respondent.

ORDER AND OPINION

FILED

AUG 2 - 1984

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

PER CURIAM:

The State has filed herein a motion for clarification and declaratory relief regarding this Court's order of May 31, 1984 denying petitioner Earl Taylor's application for a writ of habeas corpus. The State seeks prospective application only of that part of the order which purportedly establishes a new rule for computation of parole eligibility for offenders serving consecutive sentences.

The petitioner has filed a response, also seeking clarification and declaratory relief, but contending the order is erroneous and should have no application, retroactive or prospective.

This Court has examined the motion and the response, as well as the order of May 31, 1984.

The petitioner was sentenced in the Cascade County District Court to twenty years for the crime of robbery, and five years for the crime of second degree assault, to be served consecutively. In 1975, petitioner pled guilty to the crime of escape and received an additional three year

- 1 -

sentence, to be served consecutively to the previous sentences.

In 1977, the petitioner was paroled on all three offenses. While on parole, he was convicted of burglary and theft in the State of Missouri and after serving prison time there, was returned to the Montana State Prison in December 1981. At that time, the petitioner's parole was revoked and 324 days of good time allowances earned by him while on parole were likewise revoked.

In the order and opinion of May 31, 1984 denying petitioner's application for a writ of habeas corpus, this Court stated:

> "The action of the Board of Pardons purporting to release petitioner on parole from all three consecutive sentences was and is illegal. All the time served, whether in prison or on parole, applies only against the twenty-year sentence for robbery, and petitioner has never begun serving his sentence for second degree assault or escape."

The underscored language of the order, beginning "The action of the Board . . .", and concluding ". . . was and is illegal.", is an incorrect statement of the law. The action of the Board of Pardons in paroling the petitioner on all three offenses was correct under the long-standing rule of State ex.rel. Herman and Roy v. Powell (1961), 159 Mont 5831, 367 P.2d 553:

> "Nowhere in the Act is it suggested that an inmate confined with multiple sentences, whether concurrent or consecutive, is ineligible for parole. On the contrary, section 94-9333 (now section 46-23-201, MCA), clearly indicates that such an inmate is eligible for parole:
>
> "A prisoner having served one-fourth (1/4) of his term or terms, less good time allowances, shall upon parole, be deemed as released on parole until the expiration of the maximum term or terms for which he was sentenced less good time allowances as provided in section 80-740. (Emphasis added.)

> "The Board could, in order to avoid any ambiguity or confusion in the case of consecutive sentences, issue one parole to cover the maximum period of confinement. The result, of course, would be the same. That is, the prisoner would be required to serve a period equivalent to one-fourth of the combined total of each sentence (less good time) before he would be eligible for parole. And, the fact that relators' subsequent sentences are escape sentences in no way affects this result."

The order of this Court on May 31, 1984 was not intended to change this rule of computing parole eligiblity for offenders serving consecutive sentences.

IT IS ORDERED:

1. The language on page 2 of this Court's May 31, 1984 order, "The action of the Board of Pardons purporting to release petitioner on parole from all three consecutive sentences was and is illegal," is hereby ordered stricken. The remainder of that order remains intact.

2. The parole eligibility of offenders serving consecutive sentences shall continue to be computed under the rule of Herman, supra.

3. The Clerk is directed to mail a true copy hereof to petitioner personally, to the Attorney General and to the County Attorney of Cascade County, Montana.

DATED this 2ⁿᵈ day of August, 1984

_____
Acting Chief Justice

_____

_____

_____

- 3 -

_____

John C. Shelley
_____
Justices