Dear Executive Director Jenks,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Pursuant to 57 O.S. 1991, § 332.7(B) (currentlyre-codified to 57 O.S. Supp. 2000, § 332.7(G)), if a personconvicted of three or more felonies arising out of separate anddistinct transactions, with three or more incarcerations for suchfelonies, has completed serving ten years of the first of threeconsecutive sentences of thirty years each, may the Pardon andParole Board recommend to the Governor the parole of such personfrom all three consecutive sentences?
¶ 1 Your question requires an interpretation of 57 O.S. Supp.2000, § 332.7[57-332.7](G),[1] which provides as follows:
 The Pardon and Parole Board shall not recommend to the Governor any person who has been convicted of three or more felonies arising out of separate and distinct transactions, with three or more incarcerations for such felonies, unless such person shall have served the lesser of at least one-third (1/3) of the sentence imposed, or ten (10) years[.]
Id.
¶ 2 Prior to construing the statute, it may be helpful to first review the duties of the Pardon and Parole Board and the background of Section 332.7(G).
 I. Background Of Parole Eligibility Statute
¶ 3 The Oklahoma Constitution creates a Pardon and Parole Board with the duty "to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency." Okla. Const. art. VI, § 10. "Discharge of an inmate from serving a lawful sentence rests solely with the Governor" (Fields v. Driesel, 941 P.2d 1000,1005 (Okla.Crim. 1997)), who may grant parole "after favorable recommendation by a majority vote of the said Board." Okla. Const. art. VI, § 10. After the Pardon and Parole Board was created by constitutional amendment in 1944, the Legislature enacted statutes governing the Board's duties, including 57 O.S.Supp. 1947, § 332.7[57-332.7]. 1947 Okla. Sess. Laws p. 343, § 1. "This is a very fine provision of the law, and affords an opportunity to petitioner and all others who are confined in the penal institutions of this state to present their cases to an eminently qualified board for proper consideration — a board which may not only consider `justice', to which the courts are limited, but may extend `mercy' . . . . "Ex parte Hibbs, 190 P.2d 156, 158-59
(Okla.Crim. 1948).
¶ 4 Your question requires an interpretation of 57 O.S. Supp.2000, § 332.7[57-332.7](G), which limits the authority of the Pardon and Parole Board to recommend individuals for parole to the Governor when such individuals have been convicted of three or more felonies arising out of separate and distinct transactions with three or more incarcerations for such felonies. The statute requires such individuals to serve "the lesser of at least one-third (1/3) of the sentence imposed, or ten (10) years."Id. As "a statute should be construed in its entirety," Exparte Higgs, 263 P.2d 752, 757 (Okla.Crim. 1953), it is necessary to review the part of the statute addressing parole eligibility in general. Until passage of the Truth in Sentencing Act (1997 Okla. Sess. Laws, ch. 133), the general parole eligibility statute (applicable to those serving a first or second incarceration) provided as follows:
 Upon completion of one-third (1/3) of the sentence of any person confined in a penal institution in the state, such person shall be eligible for consideration for a parole, and it shall be the duty of the Pardon and Parole Board, with or without application being made, to cause an examination to be made at the penal institution where the person is confined, and to make inquiry into the conduct and the record of the said person during his confinement. . . .
57 O.S. 1991, § 332.7[57-332.7](A).[2]
¶ 5 At first glance, this section appears to require individuals to serve one-third of their sentences prior to being eligible for parole — a harsher rule than that provided for individuals with multiple prior convictions, which sets a 10 year cap for eligibility purposes. However, Section 332.7(A), which has been referred to as the "Forgotten Man Act,"[3] was construed in Petition of Leaser, 207 P.2d 365 (Okla.Crim. 1949) to mean that the Pardon and Parole Board has a mandatory duty to consider inmates for parole after they have served one-third of their sentence, but may, in its discretion, consider applications for parole prior to that time. Id. at 368. The Court noted that Section 332.7 "was enacted for the purpose of giving relief to unfortunate persons who are unable to employ counsel, or bring to their assistance someone who can present to the proper authorities the facts surrounding their cases." Id.
at 369.
 II. Adoption Of Minimum Mandatory Confinement Period Prior To Parole Consideration
¶ 6 As originally adopted, the constitutional amendment establishing the Pardon and Parole Board did not authorize the Legislature to establish a minimum time period that a prisoner must serve prior to becoming eligible for Parole. Okla. Const. art. VI, § 10 (1943). By constitutional amendment approved in 1978, the Legislature was given "the authority to prescribe for those persons convicted of three felonies arising out of separate and distinct transactions a minimum mandatory period of confinement which must be served prior to being eligible to be considered for parole." Okla. Const. art. VI, § 10 (amended 1978).[4] Pursuant to this authority, the Legislature enacted Section 332.7(B) (currently 332.7(G)), which limited the Parole Board's authority to recommend persons convicted of three or more felonies for parole prior to serving the lesser of at least one-third (1/3) of the sentence imposed, or ten (10) years. 1980 Okla. Sess. Laws, ch. 84, § 1(B).
¶ 7 In construing statutes, the first step is to determine whether the law sets forth legislative intent in unambiguous language. Unambiguous statutory language must be followed without further judicial inquiry except where a contrary intention plainly appears. Oglesby v. Lib. Mut. Ins. Co., 832 P.2d 834,844 (Okla. 1992). The law is clear and unambiguous as applied to a person serving a single sentence; the inmate must serve one-third of the sentence or ten years of the sentence, whichever is less, in order to be eligible for parole. Thus, any inmate serving a sentence of more than thirty years is eligible for consideration for parole after serving ten years. However, the issue here is how the law should be applied to an inmate who is serving three consecutive sentences. For a defendant convicted of two or more offenses, imprisonment upon any one offense commences at the expiration of the imprisonment upon any other of the offenses, unless the sentencing judge orders the sentences to run concurrently. 22 O.S. Supp. 2000, § 976[22-976].
 III. Meaning Of "One-Third Of The Sentence Imposed Or Ten Years" As Applied To Consecutive Sentences
¶ 8 You indicate that historically the Agency's position has been that an offender serving a first or second incarceration, with a consecutive sentence in addition to their current sentence, may be recommended for parole on both the current sentence and the consecutive sentence when the offender becomes eligible for parole on the current sentence, but that Section 332.7(G) prohibits the Board from recommending an offender with three or more felonies for parole on any sentence other than the current sentence. Opinion Letter Request from Terry Jenks, Executive Director, Pardon Parole Bd., to W.A. Drew Edmondson, Attorney General (July 30, 2001) (on file with the Attorney General's Office) at 2 ¶ 4, 5. The Agency's position has been that the Board may not make a recommendation for parole on a consecutive sentence until the offender has actually served at least one-third or ten years of each consecutive sentence. Id.
at 3 ¶ 1. In construing statutes, "[t]he continual construction of a statute by the agency charged to enforce it must be given great weight." United Airlines, Inc. v. State Bd. ofEqualization, 789 P.2d 1305, 1311 (Okla. 1990) (citation omitted). However, "administrative construction cannot override plain statutory language." Neer v. State ex rel. Okla. TaxComm'n, 982 P.2d 1071, 1078 (Okla. 1999) (citation omitted). Therefore, it is necessary to determine whether the Board's interpretation is consistent with the plain language of the statute.
¶ 9 There are two potential interpretations of Section 332.7(G) as applied to a person serving consecutive sentences: (1) an inmate is eligible to be considered for parole after serving one third or ten years of the first consecutive sentence at which time he could be paroled from the first sentence to begin serving the second sentence until the minimum period has been served on all sentences; or (2) an inmate is eligible to be considered for release from prison on parole after serving a minimum of ten years, irrespective of the number of sentences imposed. The latter interpretation could be based either on treating "ten years" as a minimum period of confinement that is unconnected to the term "sentence"; or such interpretation could be based on adding all consecutive sentences together, taking one-third of the total sentence and then applying the 10 year alternative.[5] The question is not when the inmate should be paroled, but when he should be considered for parole. The Pardon and Parole Board recommends and ultimately the Governor decides whether the inmate should, in fact, be paroled. The Board is to consider the number of previous felony convictions and the type of criminal violations leading to such felony convictions.57 O.S. Supp. 2000, § 332.8[57-332.8].
¶ 10 When construing a statute, the primary consideration is the intent of the legislature, which must be determined from the language used. Stemmons, Inc. v. Universal C.I.T. Credit Corp.,301 P.2d 212, 216 (Okla. 1956). "The subject matter and purpose of a statute are material to ascertaining the meaning of a word or phrase used and that language should be construed to be harmonious with the purpose of the act, rather than in a way which will defeat it." McNeill v. City of Tulsa,953 P.2d 329, 332 (Okla. 1998) (citing Simpson v. Okla. Alcoholic Bev.Control Bd., 409 P.2d 364, 367 (Okla. 1965)). Section 332.7(G) is designed to insure that those with multiple previous convictions serve a minimum sentence as a condition for eligibility for parole, but also includes a cap so that an individual with a lengthy sentence is allowed to be considered prior to serving a full one-third of the sentence.
¶ 11 You ask whether under Section 332.7(G), the Pardon and Parole Board may recommend a person for parole from three consecutive 30-year sentences after serving ten years of the first sentence.[6] Section 332.7(G) provides that to be eligible for parole consideration a person convicted of three or more felonies "shall have served the lesser of at least one-third (1/3) of the sentence imposed, or ten (10) years." As to the first alternative (one-third of the sentence), the statute cannot reasonably be construed to mean that a person may be considered for release from prison on parole after service of one-third of the first sentence when the person has been sentenced to serve three consecutive sentences. That construction would make consecutive sentences meaningless in the context of parole eligibility. It would be contrary to the Legislature's intent that the imprisonment for a consecutive sentence commences at the expiration of the imprisonment of the first sentence (22 O.S.Supp. 2000, § 976[22-976]) and that inmates with prior multiple convictions serve a minimum period of "the sentence" as a condition for parole. 57 O.S. Supp. 2000, § 332.7[57-332.7](G). If an inmate is serving consecutive sentences, the statute applies to all sentences imposed, not just the first one. For example, under Section 332.7(G), a person serving two consecutive six-year sentences would be eligible for release from prison on parole after serving four years (a third of each sentence), not after serving two years (a third of the first sentence).
¶ 12 The question here is whether service of ten years satisfies the statutory minimum to be considered for release from prison on parole, irrespective of whether there are additional consecutive sentences yet to be served. "[T]en (10) years" cannot be read in isolation from its alternative, "one third (1/3) of the sentence." Id. Words of a statute are to be understood not in an abstract sense but with due regard to context. McNeill,953 P.2d at 332. Given its context, ten years clearly refers to ten years of the sentence, such that inmates with a lengthy sentence (more than 30 years) would be eligible for parole consideration after serving a minimum of ten years. 57 O.S.Supp. 2000, § 332.7[57-332.7](G).
¶ 13 As ten years must be interpreted in the context of "sentence," it is necessary to address whether the term "sentence" means the combined sentence (total of all consecutive sentences) or each individual sentence. There is no language in Section 332.7(G) or in any of the parole statutes (57 O.S. 1991 Supp. 2000, §§ 332 — 365) to suggest that the Legislature intended the Parole Board to aggregate consecutive sentences for purposes of calculating a parole eligibility date. As noted previously, the practice of the Pardon and Parole Board has been to apply Section 332.7(G) to each consecutive sentence in a sequential manner such that the inmate is paroled from one sentence to begin serving the next sentence until the minimum time period has been served on each sentence imposed. This interpretation is consistent with the plain language of the statute. "[T]he Legislature `adopts an administrative construction of a statute when, subsequent to such construction, it amends the statute or re-enacts it without overriding such construction.'" Branch Trucking Co. v. State ex rel. Okla. TaxComm'n, 801 P.2d 686, 690 (Okla. 1990) (emphasis omitted). Section 332.7 has been amended several times since the mandatory confinement provision was added in 1980, and the Legislature has, except for a revision that was later repealed, left the provision in question as originally written.[7] The plain meaning of "the lesser of at least one-third (1/3) of the sentence imposed, or ten (10) years" is that a person must serve one-third or ten years of each sentence imposed to be considered for release from prison on parole. 57 O.S. Supp. 2000, § 332.7[57-332.7](G).
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 57 O.S. Supp. 2000, § 332.7(G), a personconvicted of three or more felonies arising out of separate anddistinct transactions, with three or more incarcerations for suchfelonies, who has been sentenced to serve three consecutivesentences of thirty years each, may, after serving ten years ofthe first of the three consecutive sentences, be recommended tothe Governor for parole from the first sentence to begin servingthe next consecutive sentence. Such person may only berecommended for release from prison on parole after servingone-third of each sentence imposed or ten years of each sentence,whichever is less.
W.A. DREW EDMONDSON Attorney General of Oklahoma
KATHRYN BASS ASSISTANT ATTORNEY GENERAL
[1] This section was originally enacted and codified as Section 332.7(B). 1980 Okla. Sess. Laws ch. 84, § 1(B).
[2] The Truth in Sentencing Act (1997 Okla. Sess. Laws, ch. 133) provided for separate parole eligibility dates for persons convicted of crimes committed prior to July 1, 1998 and those convicted of crimes after July 1, 1998. See id. Also see 57O.S. Supp. 2000, § 332.7[57-332.7](A), (B) (these sections apply to individuals who are serving first or second incarcerations).
[3] See Fields v. State, 501 P.2d 1390, 1394 (Okla.Crim. 1972) and Phillips v. Williams, 608 P.2d 1131, 1133-35 (Okla. 1980).
[4] The Constitution was subsequently amended in 1994 to replace this language with the following: "The Legislature shall have the authority to prescribe a minimum mandatory period of confinement which must be served by a person prior to being eligible to be considered for parole." Okla. Const. art. VI, § 10
(amended 1994).
[5] For purposes of calculating parol eligibility dates for inmates with consecutive sentences, some states, as well as the federal government (when it had a parole system) aggregate the sentences into one cumulative sentence, while others treat consecutive sentences as separate and distinct. See Howell v.State, 569 S.W.2d 428, 431 (Tenn. 1978) (statute setting parole eligibility date at one-half of sentence imposed contains no provision for aggregating consecutive sentences); Taylor v.Risley, 684 P.2d 1118, 1120 (Mont. 1984) (parole eligibility of offenders serving consecutive sentences is computed under rule requiring prisoners to serve one-fourth of combined total sentences); United States v. West, 826 F.2d 909, 912 (9th Cir. 1987) ("When the . . . court imposes consecutive sentences for federal offenses, the Federal Bureau of Prisons aggregates the maximum terms into a single sentence." "[T]he Bureau of Prisons will compute . . . [parole] eligibility based on his aggregate sentence."). (Citation omitted).
[6] It should be noted that in the scenario described in your question, the three consecutive 30-year sentences followed two prior incarcerations for felony convictions arising from separate and distinct transactions. This Opinion is addressed solely to the situation where an individual has been convicted of three or more felonies arising out of separate and distinct transactions with three or more incarcerations for such felonies.
[7] The mandatory confinement law was amended by 1997 Okla. Sess. Laws ch. 133 § 26(C) to add a proviso indicating that the law applied to "persons in the custody of the Department of Corrections for a felony committed prior to July 1, 1998." Seealso 1998 Okla. Sess. Laws ch. 2, § 18(C) (1st Ex. Sess.) (Section 332.7(C) was renumbered to Section 332.7(G) and was amended to read "July 1, 1999"). That proviso was deleted by the 1999 Okla. Sess. Laws ch. 5 § 12(G) (1st Ex. Sess.).